1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

| | |
|---|---|
| CARL W. CUNNINGHAM | Case No.  C05-5839RBL |
| Petitioner, | |
| | REPORT AND |
| v. | RECOMMENDATION |
| | |
| ALICE PAYNE, | **NOTED FOR:** |
| | **JUNE 30th, 2006** |
| Respondent. | |

15

16

17

18

19

20

        This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant

to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR

4. This is the second petition filed by Mr. Cunningham in 2005.  The first petition, 05-CV-5293FDB,

was dismissed without prejudice because Mr. Cunningham had filed documents challenging his

convictions in state court.  Mr. Cunningham moved to dismiss his petition without prejudice.  His

motion was granted and this is not a second or successive petition.  (Dkt. # 17, 05-CV-5293FDB).

21

INTRODUCTION SUMMARY CONCLUSION

22

23

24

25

26

27

        Mr. Cunningham does not address all of his convictions in this petition.  In this petition he

challenges three guilty pleas under three different Washington State Superior Court cause numbers.

The guilty pleas were entered in Pierce County Superior Court under cause numbers 92-1-01239-3

(robbery first degree while armed with a deadly weapon); 92-1-01705-1 (burglary in the first

degree); and 92-1-02131-7 (assault in the second degree).  Mr. Cunningham does not challenge his

multiple convictions under Pierce County cause number 92-1-00443-9.

28

        After careful review of the entire file, the court concludes that the filing of a personal

1  restraint petition in the wrong court does not toll the running of the statute of limitations and this

2  petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**

3  <u>PROCEDURAL FACTS</u>

4        Mr. Cunningham plead guilty to the three crimes under different cause numbers and on July

5  21st, 1992 he was sentenced.  His robbery in the first degree while armed with a deadly weapon

6  conviction, 92-1-01239-3, resulted in a 195 month sentence that ran consecutive to the 92-1-00443-

7  9 (multiple convictions by trial including man slaughter, assault, burglary, possession of stolen

8  property, and unlawful possession of a controlled substance).  (Dkt. # 14, Exhibit 1).  His burglary

9  conviction, 92-1-01705-1, resulted in a 116 month sentence that ran concurrent with his assault

10  conviction 92-1-02131-7.  (Dkt. # 14, Exhibit 2).  The assault conviction, 92-1-02131-7 resulted in a

11  96 month sentence that ran consecutive to other convictions but concurrent to the burglary

12  conviction, 92-1-01705.  (Dkt. # 14, Exhibit 3).

13        Thus, as the court understands the sentences, Mr. Cunningham will first serve the sentence in

14  92-1-00443-9.  He will then serve the sentence for the robbery under cause number 92-1-01239-3,

15  195 months.  He will then serve concurrent sentences for the burglary and assault convictions, cause

16  numbers 92-1-01705-1(burglary) and 92-1-02131-7 (assault).

17        Mr. Cunningham filed no direct appeal.[1]  On August 27th, 1992 , 36 days after he was

18  sentenced, Mr. Cunningham sent the Pierce County Superior Court a Personal Restraint Petition.

19  (Dkt. # 14, Exhibit 4).[2]  Mr. Cunningham wrote the sentencing Judge a letter in November of 1992

20  inquiring about his Personal Restraint Petition.  (Dkt. # 15, Exhibit C).  The court's response was to

21  acknowledge receipt of the letter and forward it to the department of assigned counsel.  The court

22  clearly indicated that Mr. Cunningham should address any legal questions he had to his attorney.

23  _____

24      [1]    Although the Washington Court of Appeals at one point in the record references a
direct  appeal in 92-1-0175-1, (the burglary),  Mr. Cunningham explains in his "Great Writ of

25  Antiquity" that the court was referring an appeal from a garnishment and not a direct appeal of his
conviction or sentence.  (Dkt. # 14, Exhibits 7, 8, and 9).

26

27      [2]    Washington State Superior Courts do hear Personal Restraint Petitions.  The petition
is filed under the Washington State Rules of Appellate Procedure 16 et seq and should have been

28  filed in the Washington State Appellate Courts or Washington State Supreme Court.

REPORT AND RECOMMENDATION
Page - 2

1  (Dkt. # 15, Exhibit D).  There is nothing in the record to document that Mr. Cunningham ever

2  contacted his assigned counsel or that the department of assigned counsel ever contacted him after

3  receiving the forwarded letter.

4        Mr. Cunningham's next contact with the court was four years later.  On May 9th, 1996 and

5  May 10th, 1996 Mr. Cunningham sent letters asked for copies of the informations  filed in two of his

6  cause numbers, 92-1-02131-7 (assault) and 92-1-01705-1 (burglary).  (Dkt. # 15, Exhibits E and F).

7   Mr. Cunningham indicates in one of the letters that the information he is asking for is "for appeal."

8  No direct appeal on the pertinent cause numbers  was pending at that time.  (Dkt. # 15, Exhibit E).

9        In December of 2003, over eleven years after it was sent to Pierce County Superior Court, it

10  was discovered that his personal restraint petition was "misfiled." in Superior Court.  (Dkt. # 15,

11  Exhibit G).

12        Mr. Cunningham waited 8 more months and on August 27th, 2004 filed a "Motion to File

13  Untimely Appeal."  (Dkt. # 14, Exhibit 7).  The Clerk for the Washington Court of Appeals Division

14  II wrote back indicating the motion would be placed in a file, but, based on other pleadings filed by

15  Mr. Cunningham, and rulings made by the court, the motion would not be acted on.  (Dkt. # 14,

16  Exhibit 8).  This letter is confusing to this court as it indicates Mr. Cunningham filed a direct appeal

17  in cause number 92-1-01705-1.  (Dkt. # 14, Exhibit 7 and 8).  In his "Great Writ of Antiquity",  Mr.

18  Cunningham clarified for the court that in fact he had appealed a garnishment in that cause number.

19  (Dkt. # 14, Exhibit 9, page 7 to 9).  Thus, no direct appeal of the conviction or sentence was timely

20  filed.

21        On October 1st, 2004 Mr. Cunningham filed a "Great Writ of Antiquity" in the Washington

22  State Supreme Court.  (Dkt. # 14, Exhibit 9). The Washington State Supreme Court considered the

23  writ as a Personal Restraint Petition. (Dkt. # 14, Exhibit 10).  After briefing was filed the court

24  transferred the petition to the Washington State Court of Appeals Division II.  (Dkt. # 14, Exhibit

25  13).

26        Without waiting for a ruling Mr. Cunningham filed another notice of appeal on February 18th,

27  2005.  (Dkt. # 14, Exhibit 14). Further, on April 26th, 2006 he asked the Washington Court of

28

1  Appeals to "reinstate his direct appeal." (Dkt. # 14, Exhibit 15).  On May 17, 2005, the Washington

2  Court of Appeals entered an order in Mr. Cunningham's case in which it dismissed his personal

3  restraint petition, transferred his pleadings to his appeal, and called for a response from the

4  Respondent, the State of Washington. (Dkt. # 14, Exhibit 16).  After receiving briefing, the Chief

5  Judge denied Mr. Cunningham's attempt to file a direct appeal.  (Dkt. # 14, Exhibit 18).[3]

6          Mr. Cunningham filed for discretionary review and raised the following issues:

7          1.      When the State loses the entire verbatim report that has ordered by the Court
                   should there then be a reconstruction hearing?
8
9          2.      When a defendant attempts to direct appeal in writing does the R.A.P. 5.3 (F)
                   mandate to forward the appeal to the Court of Appeals even if in the wrong form?
                   Also CrR 7.2 (4)?
10
11         3.      Is the sentencing Judge required to read a defendant his right to appeal after an
                   exceptional sentence is handed down under CrR 7.2 (B)?
12
13         4.      Did the C.O.A. Division II August 29, 2005 ruling unfairly shift the burden of proof
                   of a involuntary forfeiture of the right to appeal unto petitioner, thereby relieving the
                   state of its burden?
14
15         5.      Is a defendant's attorney obligated to file direct appeal when so requested?

16         6.      When a 14-year appeal delay occurs due to a misfiling of direct appeal by Superior
                   Court clerk happens, is dismissal warranted?
17
   (Dkt. # 14, Exhibit 19 at 4).

18         On December 22nd, 2005 the State Supreme Court denied review and held that none of the

19  considerations presented by Mr. Cunningham justified his filing an appeal over 12 years late.  A

20  motion to modify was denied and state review concluded on January 31st, 2006.  (Dkt. # 14, Exhibit

21  23).

22         In the habeas corpus petition now before the court petitioner states he is raising the following

23  raises the following ground for reviews:

24         "It is a violation of petitioner's Federally [sic]and State of Washington's
           Constitutional protected rights to due process and Equal Protection, for the State of
25         Washington to effectively preclude petitioner from a right to direct appeal, and cause

26                ³       The Washington State Court of Appeals called for the transcript of his July 21st, 1992
27  sentencing and learned the transcript from the sentencing no longer existed.  The court then denied
    his motion as there was no documentary evidence to support Mr. Cunningham's contentions that he
28  attempted to file an appeal.  (Dkt. # 14, Exhibit 18).

REPORT AND RECOMMENDATION
Page - 4

1
2
3

over a 13 year prejudicial delay against the petitioner's constitutional rights to [sic] access to State and Federal Appellate Courts. Specifically, The U.S. Const. 5th, 6th and 14th Amendments. And Washington States Constitution art.1, § 10 and 22. And, denial of effective assistance of counsel of the State appointed attorney for not perfecting direct appeal when at the time of sentence [sic] [direct appeal] was requested."

4

(Dkt. # 1 at 4).

5
6

EVIDENTIARY HEARING

7
8

If a habeas applicant has failed to develop the factual basis for a claim in state court, an

evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional

9
10

law, made retroactive to cases on collateral review by the Supreme Court that was previously

unavailable, or (2) a factual predicate that could not have been previously discovered through the

11
12

exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by

clear and convincing evidence that but for constitutional error, no reasonable fact finder would have

13
14

found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's

claims are time barred. Further, petitioner has not set forth any factual basis for his claims that could

15
16

not have been previously discovered by due diligence. Indeed if he had pursued the claims in a

timely manner there would have presumably been transcripts of the sentencing hearing or people

17
18

could have remembered the hearing. Finally, the facts underlying petitioner's claims are insufficient

to establish that no rational fact finder would have found him guilty of the crime as he plead guilty

19
20

and has not raised actual innocence as a defense. Therefore, petitioner is not entitled to an

evidentiary hearing.

21

STANDARD

22
23

Federal courts may intervene in the state judicial process only to correct wrongs of a

constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a

24
25

federal court may entertain an application for writ of habeas corpus "only on the ground that [the

petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28

26
27

U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief

does not lie for mere errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465

28

U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

REPORT AND RECOMMENDATION
Page - 5

1    A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

2    merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary

3    to, or involved an unreasonable application of, clearly established federal law, as determined by the

4    Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the

5    facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a

6    determination of a factual issue by a state court shall be presumed correct, and the applicant has the

7    burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

8    §2254(e)(1).

9    <u>DISCUSSION</u>

10   <u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

11   Federal habeas corpus petitions are subject to a statue of limitations under the 1996

12   amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the

13   Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

14
15   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

16
     (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

17
18   (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

19
20   (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

21
22   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

23   Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d) when he was

24   sentenced on July 21st, 1992.  That was prior to enactment of the Antiterrorism and Effective Death

25   Penalty Act.  Thus the one year in this case did not commence running until the effective date of the

26   act, April 24th, 1996.  The one year time frame for filing a federal habeas corpus action ended April

27   24th, 1997.  Petitioner did not sign his federal habeas petition until December 30th, 2005, seven years

28

1    and eight months after the time for filing.  The court must now consider if any of petitioner's earlier

2    filings tolled the running of the statute under 28 U.S.C. § 2244 (d) (2).

3            Petitioner was sentenced on July 21st, 1992.  He had thirty days to file a direct appeal.  He

4    did not file a direct appeal.  On August 27th, 1992 he sent the Pierce County Superior Court a

5    document titled Personal Restraint Petition.  (Dkt. # 14, Exhibit 4).  Mr. Cunningham now argues

6    this filing was a direct appeal.  (Dkt. # 15, passim).  The August 27th, 1992 filing has been carefully

7    considered by the court.

8            The pleading is clearly titled as a Personal Restraint Petition under RAP 16 et seq.  (Dkt. #

9    14, Exhibit 4).  The heading at the top of the document states "IN THE COURT OF APPEALS OF

10   THE STATE OF WASHINGTON DIVISION ____."  (Dkt. # 14, Exhibit 4).  At line 5 Mr.

11   Cunningham states he did not appeal the decision of the trial court.  (Dkt. # 14, Exhibit 4 line 5).

12   Thus, Mr. Cunningham was not attempting to file a direct appeal and knew he was attempting to file

13   a collateral attack.

14           The document does not qualify as a notice of appeal under the Washington Rules of

15   Appellate Procedure.  "A party seeking review of a trial court decision reviewable as a matter of right

16   must file a notice of appeal."  RAP 5.1(a).  "A notice of appeal must (1) be titled a notice of appeal,

17   (2) specify the party or parties seeking the review, (3) designate the decision or part of decision

18   which the party wants reviewed, and (4) name the appellate court to which the review is taken."

19   RAP 5.3(a).  The document filed by Cunningham did not satisfy the requirements of RAP 5.1(a) and

20   RAP 5.3(a).  The document was not a notice of appeal, and it did not indicate a desire to appeal.

21   Indeed Mr. Cunningham himself indicates he knew he was not filing a collateral attack and not a

22   direct appeal.

23           Despite the heading of the pleading with RAP citation indicating the pleading should be filed

24   with the Washington State Court of Appeals Mr. Cunningham did not file the document in that court

25   and instead filed the document in the Pierce County Superior Court.  (Dkt. # 14, Exhibit 4).  The

26   stamp clearly indicates "FILED DEPT. 17 IN OPEN COURT AUG. 27 1992 PIERCE COUNTY

27   CLERK."  (Dkt. # 14, Exhibit 4).

28

1         The court cannot consider a document filed in the wrong court to be "a properly filed

2 application for State post-conviction or other collateral review."  A personal restraint petition must

3 be filed in either the Washington Court of Appeals or the Washington Supreme Court. RAP 16.3(c);

4 RAP 16.5. Mr. Cunningham did not file the personal restraint petition in the proper court. The

5 petition was not properly filed.

6         The court understands that Mr. Cunningham sent a letter to his sentencing judge in late 1992

7 inquiring about his pleadings.  (Dkt. # 15, Exhibit E).  That letter was an improper ex parte contact

8 and the sentencing judge properly referred the letter to his defense counsel and directed Mr.

9 Cunningham to direct his questions to legal counsel.  (Dkt. # 14, exhibits 5 and 6).  Mr. Cunningham

10 did not pursue the matter further until 1996.  (Dkt. # 15, Exhibit E and F).

11         In 1996  Mr. Cunningham sought copies of the informations filed against him, but he did not

12 file anything that would have tolled the running of the one year time frame set forth for filing a

13 federal habeas petition under 28 U.S.C. § 2244 (d).  The time for filing a federal habeas corpus

14 petition ran until Aril 24th, 1997.  Any filings after that time were time barred.  The court

15 recommends **DISMISSAL** of this petition as time barred.

16 CONCLUSION

17         This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH**

18 **PREJUDICE.**  A proposed order accompanies this report and recommendation.

19         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

20 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

21 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

22 appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

23 72(b), the clerk is directed to set the matter for consideration on **June 30th, 2006**, as noted in the

24 caption.

25         Dated this 6th day of June, 2006.

26

27                                */S/ J. Kelley Arnold*
                               J. Kelley Arnold
                               United States Magistrate Judge

28